# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Olipop Inc.,** | |
| *Plaintiff,* | **Civil Action No:** |
| **v.** | **Jury Trial Demanded** |
| **Nutruit, LLC,** | |
| *Defendant.* | |

## COMPLAINT

Plaintiff Olipop Inc. ("Olipop" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendant Nutruit, LLC ("Defendant") to stop Defendant from continuing its willful infringement of Plaintiff's federally registered OLIPOP trademarks.

## PARTIES

1.      Plaintiff Olipop Inc. is a Delaware Corporation with a principal place of business at 360 Grand Avenue #259, Oakland, California 94610. Plaintiff is a leading brand of prebiotic sodas, which it distributes to retail locations nationwide and sells directly to consumers at its website at *www.drinkolipop.com*.

2.      On information and belief, Defendant Nutruit, LLC is a Delaware limited liability company with a principal place of business at 600 N Broad Street, Suite 5 # 1064, Middletown, Delaware 19709.

3.      On information and belief, Defendant manufactures, imports into United States, distributes, sells, offers to sell, promotes, advertises, and/or markets snack food products.

1

## JURISDICTION AND VENUE

4.      Plaintiff's claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1117, 1125 *et seq.*, and New York statutory and common law.

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).

6.      This Court has personal jurisdiction over Defendant, and venue is proper because, on information and belief, Defendant conducts business throughout the United States, including within the State of New York and this Judicial District, through at least a fully interactive, commercial Internet store that offers for sale and advertises infringing products in this District. Defendant has sold and is selling and distributing products in this District to residents in this District through its interactive website that reaches residents in this District.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Rights in the OLIPOP Trademark

7.      Plaintiff was founded in 2018 with the mission to create A New Kind of Soda™ that combines classic soda flavors with functional ingredients that support the microbiome and digestive health.

8.      To accomplish that mission, Plaintiff has assembled a global team of leading human gut microbiome research pioneers with diverse expertise spanning digestive health, prebiotic structures, model gut systems and gut microbiome-supportive nutritional strategies. These experts help translate cutting edge research and findings into Plaintiff's product development.

9.    Plaintiff has transformed the soda market by developing a healthy alternative for soda drinkers.

10.    Plaintiff quickly has become one of the leading brands of prebiotic sodas.

11.    Starting with only three flavors in 2018, Plaintiff has grown to offer almost twenty flavors in less than a decade. Through extensive, continuous, and exclusive use of the OLIPOP trademark for its products, Plaintiff has developed extensive rights in that trademark, through federal registrations and at common law ("OLIPOP Trademark").

12.    Retailer customers and end consumers have come to associate the OLIPOP Trademark with Plaintiff and its high-quality and healthy alternative soda beverage products.

13.    The OLIPOP Trademark is an inherently distinctive mark, and it is entitled to the broadest scope of protection.

14.    The OLIPOP Trademark is also commercially strong within New York and throughout the United States.

15.    Plaintiff owns numerous registrations on the Principal Register of the United States Patent & Trademark Office ("USPTO") for the OLIPOP Trademark and related marks (collectively referred to herein as the "OLIPOP Registrations").

//

//

//

//

//

//

//

16.    The relevant OLIPOP Registrations are identified below:

| Trademark | Serial No./ App. Date | Reg. No./ Reg. Date | Goods & Services |
|---|---|---|---|
| OLIPOP | Serial No.: 90/321,912 App. Date: 11/16/2020 First use: 10/1/2018 | Reg. No.: 6,702,656 Reg. Date: 4/12/2022 | 05  dietary supplement drinks; dietary and nutritional supplements |
| OLIPOP | Serial No.: 87/545,180 App. Date: 7/27/2017 First use: 10/1/2018 | Reg. No.: 6,102,448 Reg. Date: 7/14/2020 | 32  Non-alcoholic sparkling fruit juice beverages |
| OLIPOP | Serial No.: 97/010,718 App. Date: 09/3/2021 First use: 10/1/2018 | Reg. No.: 6,904,632 Reg. Date: 11/22/2022 | 05  dietary supplement beverage for promoting digestive health; dietary and nutritional supplements 32  non-alcoholic sparkling fruit juice beverages; non-alcoholic water-based beverages 35  on-line retail store services featuring subscription boxes containing beverages; on-line retail store services featuring beverages |
| OLI POP | Serial No.: 97/042,401 App. Date: 9/23/2021 First use: 10/1/2018 | Reg. No.: 6,904,784 Reg. Date: 11/22/2022 | 05  dietary supplement beverage for promoting digestive health; dietary and nutritional supplements 32  non-alcoholic sparkling fruit juice beverages; non-alcoholic water-based beverages 35  on-line retail store services featuring subscription boxes containing beverages; on-line retail store services featuring beverages |

17.    The OLIPOP Registrations are valid and in full force and effect. Copies of the registration certificates are attached hereto as **Exhibit A**.

18.    Each of the OLIPOP Registrations constitutes *prima facie* evidence of Plaintiff's ownership of the mark and exclusive rights to use the mark in connection with the goods recited in the registration.

19.    Plaintiff also owns several pending applications for the OLIPOP Trademark (collectively referred to herein as the "OLIPOP Applications").

//

//

//

//

//

//

4

20.    The relevant OLIPOP Applications are identified below:

| Trademark | Serial No./ App. Date | Reg. No./ Reg. Date | Goods & Services |
|---|---|---|---|
| OLIPOP | Serial No.: 99/088,440 App. Date: 3/17/2025 | | 25: hooded sweatshirts; t-shirts; shorts |
| OLIPOP | Serial No.: 99/088,454 App. Date: 3/17/2025 | | 04  Candles |
| OLIPOP | Serial No.: 99/088,462 App. Date: 3/17/2025 | | 28  Toys |
| OLIPOP | Serial No.: 99/088,483 App. Date: 3/17/2025 First use: 4/1/2025 | | 29  FROZEN FRUITS |
| OLIPOP A NEW KIND OF SODA | Serial No.: 97/489,441 App. Date: 7/5/2022 | | 05 Prebiotic supplements 32: carbonated non-alcoholic drinks; non-alcoholic sparkling fruit juice beverages; non-alcoholic water-based beverages; non-alcoholic beverages containing fruit juices 35: on-line wholesale and retail store services featuring non-alcoholic water-based beverages, non-alcoholic beverages containing fruit juice, non-alcoholic carbonated beverages, and prebiotic supplement beverages |
| OLIPOP AHHH, THAT'S THE GOOD STUFF | Serial No.: 98/844,909 App. Date: 11/8/2024 | | 32:  carbonated non-alcoholic drinks; non-alcoholic beverages containing fruit juices; non-alcoholic carbonated beverages; non-alcoholic sparkling fruit juice beverages; non-alcoholic water-based beverages; soda pops |

21.    Copies of the USPTO's application files for OLIPOP Applications are attached hereto as **Exhibit B**.

22.    Plaintiff has invested substantial time, money, and effort into advertising and promoting the products sold under the OLIPOP Trademark in New York and throughout the United States. Plaintiff sells, advertises, and distributes its OLIPOP products to consumers residing in this District and nationally.

23.    Through the vast promotion, marketing, advertising, and investment in the OLIPOP Trademark—combined with extensive nationwide sales of OLIPOP-branded products—Plaintiff has acquired enormous national goodwill in, and recognition of, its OLIPOP Trademark.

24.    Plaintiff's products bearing the OLIPOP Trademark have received unsolicited media attention from myriad sources, including industry publications like *Beverage Industry*,[1] business press like *Fortune*[2] and *Entrepreneur*,[3] and general news publications like *The Wall Street Journal*[4] and *SFGATE*,[5] among countless other media outlets. True and correct copies of printouts from the referenced articles are submitted herewith as **Exhibit C**.

25.    In 2024, Plaintiff has been named among the *TIME Magazine*'s TIME100 Most Influential Companies.[6] *See* **Exhibit C**.

26.    Products bearing the OLIPOP Trademark have become a cultural phenomenon, including appearing in the official video for *Barbie World* by Nicki Minaj and Ice Spice (with Aqua), as shown below:



Nicki Minaj & Ice Spice − Barbie World (with Aqua) [Official Music Video]
https://www.youtube.com/watch?v=CUj2AWEJnwQ

---

[1] https://www.bevindustry.com/articles/94358-olipop-brings-digestive-health-benefits-less-sugar-and-pop-to-the-industry.

[2] https://fortune.com/article/olipop-social-media-walmart-target-whole-foods-soda/

[3] https://www.entrepreneur.com/growing-a-business/olipop-is-worth-18-billion-heres-its-influencer/487202

[4] https://www.wsj.com/articles/olipop-breaks-into-the-exclusive-world-of-stadium-soda-6bf3710c

[5] https://www.sfgate.com/food/article/billion-dollar-bay-area-soda-company-olipop-20780949.php

[6] https://time.com/6979913/olipop/

27.     Plaintiff also frequently enters into collaborations with leading entertainment brands, including its recent crossovers with the Universal Pictures' *Despicable Me* and Mattel's *Barbie* franchises.

28.     Plaintiff's products bearing the OLIPOP Trademark are now offered at more than 50,000 retail locations nationwide including, among many other major retailers, Whole Foods Market, Target, and Walmart (including in the State of New York).

29.     Plaintiff also exclusively owns all rights, title, and interest in the domain name *drinkolipop.com*.

30.     Plaintiff also advertises and sells individual OLIPOP products and recurring subscriptions for OLIPOP products on its interactive website, *www.drinkolipop.com*, which is accessible to and used by consumers in the state of New York and throughout the United States.

31.     Plaintiff also sells products bearing the OLIPOP Trademark on an Internet SHOP store at https://shop.app/m/7f1putcg09, which is accessible to and used by consumers in the state of New York and throughout the United States. A true and correct copy of a printout from the referenced website is submitted herewith as **Exhibit D**.

32.     Plaintiff also sells products bearing the OLIPOP Trademark on an Internet Amazon store at https://www.amazon.com/stores/OLIPOP/page/13DF7D6C-D88B-4C36-AC1E-B8599E9EEB60, which is accessible to and used by consumers in the state of New York and throughout the United States. *See* **Exhibit D**.

33.     The OLIPOP Trademark became well-known in the state of New York and throughout the United States long before Defendant began its infringing activities.

**B.  Defendant's Infringement of Plaintiff's OLIPOP Trademark**

34.     On information and belief, since at least March 2024, Defendant has been selling, offering to sell, distributing, promoting, advertising, and/or marketing olive snack products ("Defendant's Goods") under the word marks OLIPOP, NUTRUIT OLIPOP, and/or the stylized NUTRUIT OLIPOP mark shown below (collectively referred to herein as the "Infringing Trademarks"):



35.     According to USPTO records, on June 7, 2021, Merih Özçelik, a citizen of Turkey, filed with the USPTO Application Serial No. 90/759,042 for a stylized NUTRUIT mark, which matured into U.S. Registration No. 6,812,014 (the "NUTRUIT Registration"). A copy of the USPTO's file for the NUTRUIT Registration is attached as **Exhibit E**.

36.     According to USPTO records, on November 11, 2022, Mr. Özçelik assigned all rights in the NUTRUIT Registration to Defendant Nutruit, LLC, with the assignment being recorded with the USPTO under Reel 7893, Frame 0031. A copy of the USPTO assignment recordal is attached as **Exhibit F**.

37.     According to USPTO records, on January 24, 2023, Mr. Özçelik filed with the USPTO Application Serial No. 97/766,036 for the stylized NUTRUIT OLIPOP mark shown below for "processed olives" (the "Infringing Application"). A copy of the USPTO's file for the Infringing Application is attached as **Exhibit G**.



8

38.     According to USPTO records, both the NUTRUIT Registration and the Infringing Application identify Alexander Lazouski at the law firm of Lazouski IP LLC as the Attorney of Record before the USPTO.

39.     On information and belief, Mr. Özçelik is an employee, member, or owner of, or is otherwise connected or affiliated with Defendant Nutruit, LLC.

40.     On information and belief, on February 2, 2024, Plaintiff sent Mr. Lazouski a letter addressed to Mr. Özçelik's attention at Nutruit, LLC, informing Nutruit, LLC of Plaintiff's rights in the OLIPOP Trademark and demanding that Defendant abandon the Infringing Application and cease its infringing use of the Infringing Marks.

41.     Defendant did not reply to Plaintiff's letter and did not comply with the demands therein.

42.     On March 5, 2024, Plaintiff instituted Opposition No. 91290114 before the Trademark Trial and Appeal Board ("TTAB") to preclude registration of the Infringing Application.

43.     Although Mr. Lazouski, serving as attorney for Mr. Özçelik, filed an Answer in the TTAB proceeding and initially corresponded with Plaintiff's attorneys about discovery, Mr. Özçelik ultimately failed to produce documents or provide answers to interrogatories, and Mr. Lazouski ceased responding to Plaintiff's counsel.

44.     Mr. Özçelik did not produce discovery even after the TTAB granted Plaintiff's motion to compel discovery.

45.     Given that Mr. Özçelik still has not responded to Plaintiff's discovery requests in the TTAB proceeding, Plaintiff had no choice but to move for discovery sanctions in that proceeding.

46.     On information and belief, Defendant sells, offers to sell, promotes, markets, or advertises products bearing the Infringing Trademarks on its interactive website at *www.nutruit.com*, which is accessible to and used by consumers in the state of New York and throughout the United States.

47.     On information and belief, Defendant sells, offers to sell, promotes, markets, or advertises products bearing the Infringing Trademarks on an Internet SHOP store at https://shop.app/m/b18jm6ueat, which is accessible to and used by consumers in the state of New York and throughout the United States. A true and correct copy of a printout from the referenced website is submitted herewith as **Exhibit H**.

48.     On information and belief, Defendant sells, offers to sell, promotes, markets, or advertises products bearing the Infringing Trademarks on an Internet Amazon store at https://www.amazon.com/stores/page/E91EA306-0238-4640-BBED-665FF578C130, which is accessible to and used by consumers in the state of New York and throughout the United States. *See* **Exhibit H**.

49.     On June 6, 2025, counsel for Plaintiff entered payment information and a shipping address within this District and successfully submitted an order for Defendant's products bearing the Infringing Trademarks from Defendant's highly interactive SHOP store.

50.     Same day, Defendant accepted the order of Defendant's products bearing the Infringing Trademarks and sent a confirmatory email indicating a shipping address within this District, containing a commitment to ship to that address within this District.

51.     On June 9, 2025, Defendant sent two notification emails confirming shipment to a shipping address within this District of two packages containing Defendant's products bearing the Infringing Trademarks.

52.     On June 11, 2025, two shipments containing Defendant's products bearing the Infringing Trademarks were delivered to an address within this District.

53.     The order contained five distinct flavors of Defendant's products bearing the Infringing Trademarks—Lemon (SKU: 8 681917 320010), Orange (SKU: 8 681917 320003), Basil (SKU: 8 681917 320379), Chili & Black Pepper (SKU: 8 681917 320348), and Thyme (SKU: 8 681917 320034)—as well as variety packs containing multiple flavors, as shown below:



54.     On information and belief, Defendant exhibits its products at food trade shows throughout the country, including at the industry's premier event, the Summer Fancy Food Show held at the Javits Center in New York City within this District.

55.     Defendant has advertised products bearing the Infringing Trademarks on Facebook, as shown in representative examples below. True and correct copies of printouts from the referenced websites are submitted herewith as **Exhibit I**.



https://www.facebook.com/share/p/1CLjPGaQWz/



https://www.facebook.com/share/p/1CetMtQRKJ/

56.     Defendant has advertised products bearing the Infringing Trademarks on Instagram, as shown in representative examples below. *See* **Exhibit I**.



https://www.instagram.com/nutruit/reel/DLXL3fsIBjN/



https://www.instagram.com/nutruit/p/DBLl5XusHER/

57.    As shown in the preceding paragraphs, Defendant also is infringing on Plaintiff's OLIPOP Registrations by illegally using the OLIPOP Trademark as a hashtag (#Olipop) to drive social media traffic away from Plaintiff and capitalize on the tremendous goodwill that Plaintiff has earned in the OLIPOP Trademark.

58.    Defendant's Goods bearing the Infringing Trademarks—olive snacks and healthy snacks generally ("Infringing Goods")—are highly related to goods offered under the OLIPOP Trademark, including goods for which Plaintiff owns a federal registration.

59.    Defendant's Infringing Goods are targeted toward the same market and customers to whom Plaintiff markets its OLIPOP-branded products, namely, health-conscious consumers.

60.    Defendant's Infringing Goods are offered through some of the same channels of trade as Plaintiff's goods, including through SHOP and Amazon storefronts.

61.    Defendant is using Plaintiff's OLIPOP Trademark in connection with Defendant's Goods illegally and without authorization from Plaintiff.

62.    Defendant has no rights in, or rights to use, the OLIPOP Trademark or any confusingly similar mark.

63.    Defendant's unauthorized use of the OLIPOP Trademark is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities among consumers in the state of New York and throughout the United States.

64.    Defendant's conduct and unauthorized use of the Infringing Trademarks in interstate commerce as described and demonstrated in Paragraphs 34-63 constitute trademark infringement in violation of Federal and State law, and must be enjoined.

65.     Defendant's conduct has been wanton, malicious, willful, and intended to cause confusion with Plaintiff's registered trademarks and to capitalize on the Plaintiff's goodwill associated with Plaintiff's OLIPOP Trademark.

### CLAIMS FOR RELIEF

### COUNT I
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

66.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

67.     Plaintiff is the sole and exclusive owner of the OLIPOP Trademark.

68.     Plaintiff owns federal registrations for its OLIPOP Trademark.

69.     The OLIPOP Trademark has been used continuously since at least 2018.

70.     The OLIPOP Trademark is valid and enforceable, as are the foregoing registrations.

71.     Without Plaintiff's authorization, Defendant has used in commerce marks that are identical or highly similar to the OLIPOP Trademark, in connection with goods that are highly similar to those offered by Plaintiff under the OLIPOP Trademark.

72.     Defendant's conduct is likely to cause confusion, or to cause mistake, or to deceive consumers.

73.     Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause irreparable harm to Plaintiff and to Plaintiff's goodwill in the OLIPOP Trademark.

74.     At all times, Defendant's conduct has been wanton, malicious, willful, and intended to cause confusion among consumers and to capitalize on Plaintiff's goodwill in the OLIPOP Trademark.

75.     Defendant's conduct is in violation of 15 U.S.C. § 1114(1).

76.     Defendant has caused and is likely to continue causing substantial irreparable injury to the public and to Plaintiff; therefore, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, disgorgement of Defendant's profits, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Federal Unfair Competition
### (15 U.S.C. § 1125(a))

77.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

78.     Defendant's use of marks that are confusingly similar to Plaintiff's OLIPOP Trademark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's Goods are sold or offered for sale by Plaintiff, or that the goods are affiliated, connected, or associated with Plaintiff, or have Plaintiff's sponsorship, endorsement, or approval.

79.     Defendant's conduct constitutes the use of symbols or devices tending falsely to describe the infringing goods, within the meaning of 15 U.S.C. § 1125(a).

80.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by its OLIPOP Trademark, for which Plaintiff has no adequate remedy at law.

81.     At all times, Defendant's conduct has been wanton, malicious, willful, and intended to cause confusion among consumers and to capitalize on Plaintiff's goodwill in the OLIPOP Trademark.

82.     Defendant has caused and is likely to continue causing substantial irreparable injury to the public and to Plaintiff; therefore, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, disgorgement of Defendant's profits enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III
### State Trademark Infringement and Unfair Competition
### (New York Common Law)

83.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

84.     Plaintiff owns valid and subsisting common law trademark rights to the OLIPOP Trademark for a variety of goods, including healthy prebiotic soda beverages.

85.     As alleged herein, Plaintiff has expended substantial time, skill, labor and money in the creation and marketing of its goods under the OLIPOP Trademark in New York, and selling such goods under the OLIPOP Trademark in New York, and has therefore acquired legally protectable rights in the OLIPOP Trademark in New York.

86.     Through its unauthorized use of, advertising, and sale of goods bearing the Infringing Trademarks as alleged herein, including in New York, Defendant has unfairly traded on and misappropriated the goodwill and reputation created and developed by Plaintiff in the OLIPOP Trademark.

87.     As alleged herein, Defendant, without authorization, falsely and deceptively used the Infringing Trademarks in New York to advertise and sell its own goods, in violation of Plaintiff's rights under New York common law.

88.     Defendant's unauthorized use of the Infringing Trademarks as alleged herein has caused and is likely to continue to cause confusion and deceive consumers as to the origin,

source, sponsorship, or affiliation of Defendant's Goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's Goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff, all in violation of Plaintiff's rights under New York common law.

89.     On information and belief, Defendant's acts as alleged herein were committed with full knowledge of Plaintiff's prior rights in the OLIPOP Trademark, willfully, deliberately, and in bad faith.

90.     Defendant's conduct alleged herein constitutes trademark infringement and unfair competition under New York common law, as provided for in N.Y. Gen. Bus. Law § 360(o).

91.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

92.     Plaintiff is entitled to injunctive relief, actual and compensatory damages in an amount to be determined at trial, disgorgement of profits, attorney's fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**State Trademark Dilution**
**(N.Y. General Business Law § 360-l)**

93.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

94.     Plaintiff's OLIPOP Trademark is distinctive to both the consuming public and Plaintiff's trade.

95.     The Infringing Trademarks adopted and used by Defendant are substantially similar to Plaintiff's OLIPOP Trademark.

96.     Defendant's unauthorized use in commerce of the Infringing Trademarks as alleged herein, including in New York, has diluted and, unless enjoined, is likely to continue to dilute the distinctive quality of Plaintiff's OLIPOP Trademark in violation of section 360-l of the New York General Business Law.

97.     Defendant's acts, as alleged herein, are, on information and belief, intentional and willful and have caused and, unless enjoined, will continue to cause irreparable damage to Plaintiff, which has no adequate remedy at law.

98.     Plaintiff is entitled to injunctive relief and reasonable attorney's fees under N.Y. Gen. Bus. Law § 360-l.

**COUNT V**
**Deceptive Trade Practices Under**
**(N.Y. General Business Law § 349)**

99.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

100.     Defendant's unauthorized use of the Infringing Trademarks as alleged herein, including in New York, has the capacity to deceive and is deceiving the public as to the source or sponsorship of Defendant's Goods. As a result, the public has been and will continue to be damaged.

101.     Defendant's conduct alleged herein constitutes deceptive acts or practices in the conduct of a business, trade or commerce, or the furnishing of a service, in violation of Section 349 of the New York General Business Law.

102.     On information and belief, Defendant's conduct alleged herein was willful.

103.     Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in its favor for each claim set forth above and award Plaintiff relief including, but not limited to, the following:

1.    An order that Defendant and its agents, employees, or persons in active concert or participation with it, be preliminarily and/or permanently enjoined from:

      a.    Using in commerce the OLIPOP Trademark or any word, design, symbol, device, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

      b.    Using, in connection with the advertising, promotion, offering for sale, sale, distribution, and rendering of any good or service, any word, term, name, symbol, device, or combination that so resembles Plaintiff's OLIPOP Trademark as to be likely to cause confusion, mistake, or deception, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

      c.    Using any word, term, name, symbol, device, or combination that (i) causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products or services with Plaintiff, or as to the origin of Defendant's products or services, (ii) contains any false designation of origin, false or misleading description or representation of fact, (iii) contains any false or misleading advertising, or (iv) causes likely dilution of the OLIPOP Trademark, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

d.  Applying to register, registering, or owning any trademark application or registration that includes the OLIPOP Trademark or any word, term, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

e.  Registering, owning, or operating any domain name, social media account, or other digital display that includes the OLIPOP Trademark or any word, term, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

f.  Further diluting the OLIPOP Trademark; and

g.  Otherwise competing with Plaintiff unfairly, unlawfully, or fraudulently in any manner.

2.  An order requiring Defendant to deliver up for impoundment and for destruction, any goods or other products, and all signs, advertising, promotional materials, or other materials in Defendant's possession, custody, or control that are found to adopt, infringe, or dilute Plaintiff's OLIPOP Trademark or that otherwise unfairly compete with Plaintiff and its products;

3.  An order awarding Plaintiff its damages and lost profits, and Defendant's profits, in an amount to be proven at trial;

4.  An order that such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, reasonable attorney's fees, and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful acts in violation of the Lanham Act;

5.      An order awarding disgorgement to Plaintiff of Defendant's profits obtained from Defendant's advertising and sales of products, advertisement and/or hashtags utilizing the Infringing Trademarks to sell or advertise Defendant's products.

6.      An order awarding Plaintiff prejudgment and post judgment interest; and

7.      An order awarding to Plaintiff all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Olipop Inc. demands that this action be tried to a jury.


Dated: August 21, 2025                              Respectfully submitted,


                                                   By: _Scott E. Thompson_
                                                   Scott E. Thompson, Esq.
                                                   Celeste Butera, Esq.
                                                   Anna Antonova, Esq.
                                                   **LIPPES MATHIAS LLP**
                                                   420 Lexington Avenue, Suite 2005
                                                   New York, New York 10170
                                                   T: (332) 345-4500
                                                   F: (518) 462-5260
                                                   E: sthompson@lippes.com
                                                   E: cbutera@lippes.com
                                                   E: aantonova@lippes.com

                                                   *Attorneys for Plaintiff Olipop Inc.*