**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Olipop Inc., <br><br> *Plaintiff,* <br><br> v. <br><br> Nutruit, LLC, <br><br> *Defendant.* | Case No. 1:25-cv-06911 (PAE) <br><br> **FINAL ORDER, JUDGMENT, AND PERMANENT INJUNCTION ON CONSENT** |

**FINAL ORDER, JUDGMENT, AND
<u>PERMANENT INJUNCTION ON CONSENT</u>**

**WHEREAS** on August 21, 2025, Plaintiff Olipop Inc. ("Olipop" or "Plaintiff") filed a Complaint in the above-captioned action bringing claims against Defendant Nutruit, LLC ("Defendant") for trademark infringement under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and related New York statutory and common law claims ("Action");

**WHEREAS** Defendant was served with the Summons and Complaint on August 25, 2025, and has not filed any responsive pleadings;

**WHEREAS** the Clerk issued the Certificate of Default as to Defendant on October 14, 2025 (ECF No. 19);

**WHEREAS** Plaintiff having alleged that Defendant's selling, offering to sell, distributing, promoting, advertising, and/or marketing olive snack products ("Defendant's Goods") under the word marks OLIPOP, NUTRUIT OLIPOP, and/or the stylized NUTRUIT OLIPOP mark shown below (collectively referred to herein as the "Infringing Trademarks")

1

constitute willful trademark infringement and unfair competition under federal and New York state law and trademark dilution under New York state law;



**WHEREAS** Defendant having agreed to entry of this Final Order, Judgment, and Permanent Injunction on Consent (the "Judgment");

**WHEREAS** Defendant makes the following admissions and representations that are material terms of and form the basis for entry of this Judgment and upon which Plaintiff and the Court have relied:

a.        Defendant acknowledges Olipop's exclusive right in and to the OLIPOP Trademark, OLIPOP Registrations, and OLIPOP Applications, as those terms are defined in the Complaint;

b.        As of January 7, 2026 Defendant has ceased selling, offering to sell, distributing, promoting, advertising, and/or marketing that bears the Infringing Trademarks or any word, design, symbol, device, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

c.        Defendant does not have any Infringing Products remaining in its possession custody, or control; and

d.        Defendant has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

2

**WHEREAS** the Parties advise the Court that Olipop and Defendant stipulate and agree to the entry of a final and enforceable judgment regarding Olipop's claims against the Defendant on the terms set forth herein and request entry of this Order as a final and enforceable judgment with respect to Olipop's claims;

**WHEREAS** Defendant acknowledges that it had been afforded an opportunity to consult with attorneys of its own choice in connection with the execution of this judgment and permanent injunction;

**WHEREAS** Defendant has reviewed and agreed to this judgment and permanent injunction, and that no promise or threat of any kind has been made by Olipop to induce Defendant to consent to the entry of this judgment and permanent injunction;

**WHEREAS** this Court having jurisdiction over the parties and the subject matter of this action pursuant 15 U.S.C. §§ 1114, 1117 and 1125(a), and under 28 U.S.C. §§ 1331, 1338 and 1367 and venue being proper pursuant to 28 U.S.C. §1391(b) and (c);

**NOW THEREFORE**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.    Judgment is granted in favor of Olipop and against Defendant on Olipop's claims for trademark infringement under 15 U.S.C. § 1114; unfair competition under 15 U.S.C. § 1125(a); trademark infringement and unfair competition under New York common law; trademark dilution under N.Y. General Business Law § 360-l; and deceptive trade practices under N.Y. General Business Law § 349.

2.    Defendant consents to this Court's jurisdiction over this consent judgment.

3.    Defendant shall pay Plaintiff the total sum of $2,000 by January 15, 2026 via ACH transfer to an account designated by Plaintiff and provided separately to Defendant. The sum of $2,000 referenced herein shall constitute the sole and complete monetary consideration from

Defendant to Olipop for the claims made herein for any and all conduct that took place up until the signing of this Judgment by the Parties. Plaintiff and Defendant each mutually release and discharge each other from any and all other claims, liabilities, or damages arising out of or relating to the subject matter of this Action from conduct that took place up until the date of execution of this Judgment by the Parties. All claims arising from future conduct or activities that take place after the execution of this Judgment are hereby reserved and preserved.

4.      Defendant and each of its agents, employees, assigns, distributors, suppliers, importers, exporters, partners, affiliates, or related entities or persons and/or all other persons or entities in active concert or participation with it, are hereby permanently enjoined from:

a.      Using in commerce the OLIPOP Trademark or any word, design, symbol, device, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

b.      Using, in connection with the advertising, promotion, offering for sale, sale, distribution, and rendering of any good or service, any word, term, name, symbol, device, or combination that so resembles Plaintiff's OLIPOP Trademark as to be likely to cause confusion, mistake, or deception, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

c.      Using any word, term, name, symbol, device, or combination that (i) causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products or services with Plaintiff, or as to the origin of Defendant's products or services, (ii) contains any false designation of origin, false or misleading description or representation of fact, (iii) contains any false or misleading advertising, or (iv) causes likely

dilution of the OLIPOP Trademark, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

d.      Applying to register, registering, or owning any trademark application or registration that includes the OLIPOP Trademark or any word, term, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

e.      Registering, owning, or operating any domain name, social media account, or other digital display that includes the OLIPOP Trademark or any word, term, or combination that is likely to cause confusion or mistake, or to deceive, including, without limitation, OLIPOP, NUTRUIT OLIPOP, and/or any variation or stylization thereof;

f.      Further diluting the OLIPOP Trademark; and

1.      Otherwise competing with Plaintiff unfairly, unlawfully, or fraudulently in any manner.

5.      Any violation by Defendant of any provision of this Judgment or any error or omission in any of Defendant's representations shall constitute contempt of a Court order, and Olipop shall be entitled to all relief under 18 U.S.C. § 401, *et seq.*

6.      This Judgment resolves the claims and demands that were asserted by Olipop in the Action against Defendant and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Defendant in the Action and all relief and remedies requested or that could have been requested by Defendant, and shall constitute a final adjudication of the merits as to all  such claims, counterclaims, and defenses in favor of Plaintiff Olipop.

7.      The parties shall bear their own costs and attorneys' fees, except for the amounts to be paid by Defendant to Olipop pursuant to Paragraph 3 herein.

8.      The parties to this Judgment waive all rights to appeal from entry of this Judgment.

9.      This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

Dated: _____ , 2026

**OLIPOP INC.**

By: _____

Name: _Elliot Besner_

Title: _General Counsel_

Dated: _Jan 30_ _____ , 2026

**NUTRUIT, LLC**

By: _____

Name: _Efe Özbaycak_

Title: _Managing Director_

**IT IS SO ORDERED** this ___4___ day of ___February___ , 2026.

_Paul A. Engelmayer_

Hon. Paul A. Engelmayer
United States District Judge

6